IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JERRY LEE HENDRICKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-03261 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Jerry Lee Hendricks' amended motion to vacate pursuant to 28 U.S.C. § 2255 (d/e 26).  A hearing on the amended motion is not required because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."  Hutchings v. United States, 618 F.3d 693, 699-700 (7th Cir. 2010).  Because Petitioner is not entitled to relief, Petitioner's amended § 2255 motion is DENIED.

### I. BACKGROUND

On April 18, 2012, Petitioner was charged with four counts of sexual exploitation of a minor, one count of possession of child pornography, and one count of committing a felony sex offense

involving a minor while required to register as a sex offender. United States v. Hendricks, Case No. 12-cr-20025 (hereinafter, Crim.), Indictment (d/e 1). Petitioner proceeded to trial on all counts.

At trial, the jury heard testimony from Petitioner's minor victim. The victim testified that Petitioner removed her clothes, took sexually explicit photographs of her, and sexually assaulted her. See Crim., Transcript (d/e 73), at 184-86. While being sexually assaulted, the victim asked several times if she could use the bathroom; Petitioner eventually relented. Id. at 186-87. After getting away from Petitioner, the victim went downstairs and showed her mother what Petitioner had done. Id.

The jury also heard testimony about how the photographs of the victim were obtained from Petitioner's cell phone. See id. at 233-36. In addition, the jury was informed that the parties had stipulated to the fact that Petitioner's cell phone was mailed, shipped, or transported in interstate or foreign commerce. See id. at 129. On July 17, 2013, the jury found Petitioner guilty on all counts. See Crim., Verdict (d/e 43).

Prior to Petitioner's sentencing hearing, the United States Probation Office filed a third revised Presentence Investigation Report (PSR). Crim., d/e 56. The PSR noted that Petitioner faced a mandatory life sentence on each of Counts 1 through 4. Id. ¶ 132. In addition, the PSR noted that Petitioner was objecting to several paragraphs of the PSR. See id. at 32-35.

Prior to the sentencing hearing, Petitioner filed a Sentencing Memorandum. Crim., d/e 58. In the Sentencing Memorandum, Petitioner stated that although he disagreed with findings in the PSR regarding the conduct underlying his offenses and one of his prior convictions, he had no formal objections to the PSR. Id. at 3-4.

Petitioner's sentencing hearing took place on June 26, 2014. At the hearing, Petitioner withdrew his objections to the PSR, leaving no outstanding objections remaining. Crim., Transcript (d/e 80), at 4-5; see also Amended PSR (d/e 59), at 32-35. The Court sentenced Petitioner to life imprisonment on each of Counts 1 through 4. Crim., Judgment (d/e 60), at 2. The Court also imposed a consecutive sentence of 20 years' imprisonment on

Count 5 and, on Count 6, another consecutive sentence of 10 years' imprisonment.  Id.

On June 30, 2014, Petitioner timely appealed his sentence. See Crim., Notice of Appeal (d/e 63).  On appeal, Petitioner argued that "life imprisonment was not mandatory on any count of conviction" because "his prior convictions that triggered the recidivism enhancement were not alleged in the indictment or proven to a jury." United States v. Hendricks, 615 Fed. App'x 383, 384 (7th Cir. 2015).  On September 25, 2015, the Seventh Circuit found that Petitioner had "waived any challenge to his sentence" and affirmed the judgment.  Id. at 383.

In September 2016, Petitioner filed his initial § 2255 motion. Petitioner has subsequently filed, with the Court's leave, several amended § 2255 motions.[1]  On August 21, 2017, the Government filed its Response to Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (d/e 27).  Petitioner filed a reply (d/e 34) in December 2017.

---

[1] In allowing Petitioner's current amended § 2255 motion, the Court refused to allow Petitioner to assert the untimely claim that there was insufficient evidence for the jury to find Petitioner guilty of the offenses charged in Counts 1 through 4 of the Indictment.  See July 14, 2017, text order.

## II. ANALYSIS

At the outset, the Court notes that it construes Petitioner's pro se § 2255 motion liberally, as required. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).[2] However, liberal construction of the motions does not inure to Petitioner's benefit to the extent that the motions are not understandable. See Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir. 1998).

The Court has been able to decipher several claims set forth by Petitioner. First, Petitioner alleges that the actions of Jeffrey Honeycutt, a detective with the Kankakee County Sheriff's Office, in obtaining a search warrant for Petitioner's cell phone constitute a fraud upon the court. See Motion (d/e 1), at 11-13, 17-18. Second, Petitioner claims that trial counsel and appellate counsel provided ineffective assistance in representing Petitioner. See, e.g., Motion (d/e 11), at 19-27; Motion (d/e 11-1), at 1-9. Third, Petitioner claims error with respect to the sentence imposed by the Court in

---

[2] The Court, in construing Petitioner's current amended § 2255 motion liberally, treats the motion as incorporating the claims and arguments made by Petitioner in his previous § 2255 motions.

June 2014.  See, e.g., Motion (d/e 26), at Motion (d/e 26-2), at 2-

15.[3]  Petitioner is not entitled to relief on any of his claims.

## A.    Fraud Upon the Court

Petitioner alleges that Detective Honeycutt lied to a state court

judge in his affidavit for a search warrant when he stated that he

secured a cell phone that was in Petitioner's possession when

Petitioner was arrested.[4]  See Motion (d/e 1), at 11-13, 17-18.  At

Petitioner's trial, Detective Honeycutt testified that he obtained

Petitioner's cell phone from Petitioner's personal property at the

hospital.  Crim., Transcript (d/e 75), at 66.  The affidavit Detective

Honeycutt submitted to the state court judge to obtain a search

warrant for Petitioner's cell phone stated that the phone "was in

[Petitioner's] possession at the time he was arrested."  Motion (d/e

1), at 18.  These two statements are not inconsistent.  Petitioner

---

[3] The Government takes the position that Petitioner asserts a claim that the evidence presented at trial was insufficient to convict him of his offenses.  See Response (d/e 27), at 11.  Even construing Petitioner's motions liberally, the Court does not find that Petitioner has made such a claim  However, had Petitioner made such a claim, it would be procedurally barred, as Petitioner did not raise the issue on appeal.  Further, even if the claim were not procedurally barred, the claim would fail for the reasons aptly stated by the Government in responding to Petitioner's § 2255 motion.  See id. at 21-23.

[4] Because the Government has not asserted that Petitioner's claim is procedurally barred, the Court analyzes the claim on the merits.

has not shown that Detective Honeycutt made a false or fraudulent statement in his affidavit to the state court judge.

## B.    Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must show that counsel "made errors so serious that [counsel] was not functioning as the counsel guaranteed to [the petitioner] by the Sixth Amendment" and that the petitioner was "deprived of a fair trial" as a result.  Hinesley v. Knight, 837 F.3d 721, 731-32 (7th Cir. 2016) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  A petitioner must overcome the strong presumption that counsel's actions fall within a "wide range of reasonable representation." Id. at 732.  Indeed, judges must be "highly deferential" to counsel's strategic choices. Id.  This presumption and deference must be overcome without the "distorting effects of hindsight" and with full recognition of the "countless ways" counsel may provide effective assistance in any given case. Id.

Many of the failures that Petitioner assigns to trial counsel do not qualify as ineffective assistance for the simple fact that trial counsel had no duty to make frivolous arguments at trial or

sentencing.  See United States v. Rezin, 322 F.3d 443, 446 (7th Cir.

2003).  The Court will briefly address each frivolous argument.

First, Petitioner claims that trial counsel was ineffective by not

challenging Detective Honeycutt's assertion that the cell phone

referenced in the search warrant affidavit was in Petitioner's

possession when Petitioner was arrested.  Motion (d/e 1), at 13.

However, as noted above, Detective Honeycutt's statement in the

affidavit was not contradicted by his trial testimony.  And Petitioner

fails to allege facts that would, in any way, suggest that he did not

possess his cell phone when he was arrested.  Any argument by

trial counsel that Detective Honeycutt's affidavit was false or

fraudulent would have been frivolous.  See Indep. Lift Truck

Builders Union v. NACCO Materials Handling Grp., Inc., 202 F.3d

965, 969 (7th Cir. 2000) ("A frivolous argument is one that is

baseless or made without a reasonable and competent inquiry.")

(internal quotation marks omitted).

Petitioner also claims that trial counsel's failure to object to an

illegal search of his cell phone constitutes ineffective assistance.

See Motion (d/e 11), at 22-23; Motion (d/e 11-1), 8.  However, the

search of Petitioner's cell phone was conducted pursuant to a valid

search warrant supported by probable cause.  Petitioner's argument

that the search was unreasonable is based on his allegation

regarding Detective Honeycutt's false statement about Petitioner

possessing the cell phone when he was arrested, an allegation the

Court has found to be frivolous.

Petitioner's next claim is that trial counsel was ineffective by

failing to argue that the placement of a manufactured SIM card in

Petitioner's cell phone to recover photographs from the phone after

Petitioner's arrest was illegal.  See Motion (d/e 11), at 26.  Like

Petitioner's previous argument, this argument is frivolous given that

law enforcement officers were authorized by a valid warrant to

search Petitioner's cell phone.

To the extent Petitioner's claim is alleging that trial counsel

was ineffective by failing to raise the SIM card issue in an attempt

to establish that the photographs of Petitioner's victim were not on

his cell phone until someone put the photographs there after

Petitioner's arrest, the claim is still without merit.  The testimony

presented at trial established that a SIM card does not store

photographs and that the photographs of Petitioner's victim were

contained on Petitioner's cell phone, not a SIM card.  See Crim.,

Transcript (d/e 73), at 231, 247. The manufactured SIM card

placed in Petitioner's cell phone was merely used to get the cell

phone to turn on. See id. at 231. In light of this testimony, any

argument by counsel that the use of a manufactured SIM card

altered the data stored on Petitioner's cell phone would have been

frivolous.

Next, Petitioner claims that trial counsel should have

challenged his mandatory life sentences. See Motion (d/e 11), at

22. As the Seventh Circuit noted in addressing Petitioner direct

appeal, Petitioner's argument that the Government's failure to prove

his prior convictions to the jury meant that Petitioner was not

subject to mandatory life imprisonment on Counts 1 through 4 is

foreclosed by Supreme Court precedent. See Hendricks, 615 Fed.

App'x at 384 (citing Almendarez–Torres v. United States, 523 U.S.

224, 239–47 (1998)).

Next, Petitioner's claims that trial counsel was ineffective by

failing to object to the Court's factual findings at sentencing as to

the anatomy depicted in the photographs recovered from

Petitioner's cell phone because the Court did not have the requisite

expertise. Such an argument made at Petitioner's sentencing would

have been patently frivolous and cannot be the basis for a meritorious claim of ineffective assistance of counsel. See Indep. Lift Truck Builders Union, 202 F.3d at 969.

Petitioner also alleges that trial counsel failed to note that the male DNA obtained from an examination of Petitioner's victim was not matched to Petitioner. See Motion (d/e 11-1), at 1. But trial counsel did convey such information to the jury, both through testimony and a stipulation that was read into the record. See Crim., Transcript (d/e 75), at 77-78.

The baseless arguments discussed above, which Petitioner claims counsel should have asserted at trial or at sentencing, are frivolous. See Indep. Lift Truck Builders Union, 202 F.3d at 969. Accordingly, Petitioner's counsel did not provide ineffective assistance by failing to make these arguments at trial or at sentencing.

Petitioner asserts additional claims of ineffective assistance of counsel. Although these claims do not involve frivolous arguments that counsel failed to make at trial or at sentencing, none of the alleged omissions by counsel come close to constituting ineffective assistance.

Petitioner claims trial counsel and appellate counsel were ineffective for not arguing that the evidence presented at trial was insufficient to convict him of the offenses charged in the Indictment. This claim of ineffective assistance is patently frivolous as it relates to trial counsel, who made a Rule 29 motion for judgment of acquittal based on the insufficiency of the evidence, a motion that District Judge Michael McCuskey denied. See Crim., Transcript (d/e 73), at 97-99.

The claim fares no better with respect to appellate counsel. To reverse a conviction on appeal based on insufficient evidence, a defendant must satisfy the high burden of showing that "no rational jury could have found the essential elements of the crime beyond a reasonable doubt." United States v. Hopper, 934 F.3d 740, 754 (7th Cir. 2019).

At trial, the jury heard graphic testimony from Petitioner's minor victim about how Petitioner undressed her, took sexually explicit photographs of her, and sexually assaulted her. In addition, the jury was informed that the sexually explicit photographs of the victim were obtained from Petitioner's cell phone, a phone that had been mailed, shipped, or transported in

interstate or foreign commerce.  Based on this testimony, a rational

jury could have found beyond a reasonable doubt the essential

elements of each offense with which Petitioner was charged.  The

decision by Petitioner's appellate counsel to forego arguing that the

evidence presented at trial was insufficient to convict Petitioner

does not constitute ineffective assistance.

Petitioner also complains that trial counsel failed to find

witnesses, obtain background information on the victim's mother,

and obtain records related to Petitioner's cell phone.  See Motion

(d/e 11), at 8, 24; Motion (d/e 11-1), at 6; Motion (d/e 26-3), at 10.

But Petitioner does not state who these would-be witnesses were or

what their testimony would have been.  Nor does Petitioner allege

what background information could have been used to impugn the

credibility of the victim's mother.  In addition, Petitioner does not

state what information the phone records contain or how the

records are relevant to the issue of whether the cell phone belonged

to Petitioner.  In short, Petitioner has failed to allege facts that

would establish ineffective assistance based on these issues.

Lastly, Petitioner claims that trial counsel failed to argue that

Petitioner's Miranda rights were never read to him and failed to

obtain evidence presented to the grand jury.  See Motion (d/e 11-1),

at 2, 8.  However, Petitioner does not explain what statements he

made to law enforcement that were later used against him at trial.

Further, Petitioner does not allege what grand jury evidence trial

counsel was supposed to obtain or how that evidence was

fabricated.  Again, Petitioner has failed to allege facts that would

establish ineffective assistance.

## C.    Sentencing Errors

The only claims remaining for the Court's consideration are

Petitioner's claims asserting error regarding the sentence the Court

imposed in June 2014.  Unfortunately for Petitioner, these claims

are procedurally defaulted.

"A claim cannot be raised for the first time in a § 2255 motion

if it could have been raised at trial or on direct appeal."  McCoy v.

United States, 815 F.3d 292, 295 (7th Cir. 2016).  To overcome

such procedural default, a petitioner must show cause for the

default and actual prejudice or that a "failure to consider the

defaulted claim will result in a fundamental miscarriage of justice."

Cross v. United States, 892 F.3d 288, 294 (7th Cir. 2018).

Petitioner claims that his sentence on Count 5 is substantively unreasonable. Motion (d/e 26), at 13-17; Motion (d/e 26-1), at 1-5. Petitioner also appears to be challenging the application of certain provisions of the sentencing guidelines to his offenses. See Motion (d/e 26-1), at 6-9. Further, Petitioner claims that the determination that he was subject to mandatory life sentences on each of Counts 1 through 4 of the Indictment was erroneous. See Motion (d/e 26-2), at 2-15.[5]

Petitioner could have raised all of these issues in his initial appeal to the Seventh Circuit, and Petitioner does not argue to the contrary. Although Petitioner's argument that his sentence on Count 5 is substantively unreasonable relies heavily on a 2017 case from the Second Circuit, that fact does not explain why Petitioner could not have made a similar argument to the Seventh Circuit in 2014. Indeed, Petitioner objected to numerous paragraphs of the PSR prior to this sentencing hearing but withdrew those objections at the hearing.

---

[5] To the extent that Petitioner attacks his mandatory life sentences on each of Counts 1 through 4 because his prior convictions were not alleged in the Indictment and proven to the jury, the claim is barred because Petitioner raised the claim on appeal. See White v. United States, 371 F.3d 900, 902 (7th Cir. 2004).

Petitioner has not established cause for his having failed to

bring his sentencing issues to the Seventh Circuit's attention in

2014.[6] Nor has Petitioner made any showing that the Court's

failure to consider these issues will result in a fundamental

miscarriage of justice. In short, Petitioner has not overcome the

procedural default of his claims regarding the sentence imposed by

the Court. See Cross, 892 F.3d at 294.

In conclusion, just as Petitioner's allegations regarding

Detective Honeycutt are insufficient to establish that a fraud upon

the state court occurred, none of the alleged omissions by

Petitioner's counsel come close to constituting ineffective

assistance. Petitioner's claims asserting error regarding the

sentence the Court imposed in June 2014 are procedurally

defaulted. Petitioner is not entitled to relief under 28 U.S.C. §

2255.

---

[6] "Meritorious claims of ineffective assistance can excuse a procedural default."
Richardson v. Lemke, 745 F.3d 258, 272 (7th Cir. 2014). Although some of
Petitioner's claims of ineffective assistance of counsel pertain to Petitioner's
sentencing, as discussed above, those claims are not meritorious, as Petitioner
withdrew all of his objections at sentencing.

## III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). To receive a certificate of appealability on a ground decided on the merits, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.; see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009). The Court concludes that jurists of reason would not find

Hendricks' claims or the Court's procedural rulings debatable.  The

Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons stated, Petitioner Jerry Lee Hendricks'

amended motion to vacate pursuant to 28 U.S.C. § 2255 (d/e 26) is

DENIED.  The Court declines to issue a certificate of appealability.

This case is CLOSED.


ENTER:  September 24, 2019


/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE